*filed in open court*
*TMT 9/28/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 05-84-SLR |
| | ) |
| GARY ARTERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Gary Arters, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a one count Information charging the defendant with Fraud In Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(5), which carries a maximum sentence of 15 years imprisonment, a $250,000 fine, up to 5 years of supervised release following any term of imprisonment, and a $100 special assessment.

2.  The Defendant understands that if he were to proceed to trial on Count 1 of the Information, the Government would have to prove each of the following elements of the offense of

fraud in connection with access devices during the period alleged in Count 1 (on or about November 30, 2002 through on or about April 26, 2003) beyond a reasonable doubt:

(1)    Defendant Gary Arters effected transactions with 1 or more access devices issued to another person, by allowing multiple credit card transactions using VISA card number xxxx xxxx xxxx 9064 and MasterCard number xxxx xxxx xxxx 6318, issued in the name of Charles Geiger, to be run through Preferred Rentals' merchant credit card account number xxxx xxxx xxxx 1483;

(2)    Defendant Gary Arters effected the above transactions knowingly, and with the intent to defraud; and

(3)    Defendant Gary Arters effected the above transactions to receive payment and other things of value during the period January 1, 2003 to January 1, 2004, which payment exceeded $1,000 in value.

3.    The Defendant admits that he permitted the following fraudulent transactions to be run through his merchant credit card account number xxxx xxxx xxxx 1483 in Wilmington, Delaware in the following amounts on the following dates, knowing that these transactions were fraudulent:

| Credit Card Account Number in Name of Charles Geiger - Account Ending | Transaction Date | Merchant Name | Amount Charged |
|---|---|---|---|
| x6318 | 11/30/2002 | Preferred Rentals | $3,550.00 |
| x9064 | 12/02/2002 | Preferred Rentals | $4,250.00 |
| x9064 | 12/04/2002 | Preferred Rentals | $3,250.50 |
| x9064 | 12/09/2002 | Preferred Rentals | $4,210.00 |
| x9064 | 12/12/2002 | Preferred Rentals | $4,756.50 |
| x9064 | 12/26/2002 | Preferred Rentals | $4,431.05 |
| x6318 | 12/26/2002 | Preferred Rentals | $3,913.50 |
| x6318 | 12/30/2002 | Preferred Rentals | $4,218.00 |

| x9064 | 12/30/2002 | Preferred Rentals | $2,764.05 |
| x6318 | 04/14/2003 | Preferred Rentals | $6,702.98 |
| x9064 | 04/14/2002 | Preferred Rentals | $5,689.02 |
| x9064 | 04/23/2003 | Preferred Rentals | $5,839.02 |
| x6318 | 04/23/2002 | Preferred Rentals | $6,108.69 |
| x6318 | 04/25/2003 | Preferred Rentals | $7,105.95 |
| x9064 | 04/25/2003 | Preferred Rentals | $6,850.65 |
| x9064 | 04/26/2003 | Preferred Rentals | $2,865.08 |
| x9064 | 04/26/2003 | Preferred Rentals | $5,898.69 |
| x6318 | 04/26/2003 | Preferred Rentals | $6,450.85 |
| x6318 | 04/26/2003 | Preferred Rentals | $5269.08 |

4.  The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing.

5.  The defendant agrees to pay restitution to the victims, Nova Information Systems, Inc. and Providian Financial Corp. as part of his sentence. The parties recognize that the amount of the restitution due to each of the victims shall not aggregate more than their actual losses as a result of the defendant's fraudulent conduct and shall be offset by the amount of any voluntary payments made to the victim(s) by the defendant.

6.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date. The United States makes this recommendation because the

Defendant timely has notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

8. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

a. Defendant agrees to provide truthful, complete and accurate information and testimony. The Defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, and any other crimes about which he has knowledge. The Defendant further understands and agrees that (i) all information and cooperation provided pursuant to this Agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the Defendant's entry of a guilty plea.

c. Defendant agrees that he will not falsely implicate any person or entity and

he will not protect any person or entity through false information or omission.

    d. Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

    e. Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

    f. Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    g. Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

    h. To enable the Court to have the benefit of all relevant sentencing information, the Defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the Government agrees that all relevant sentencing information is available.

    i. Defendant agrees that if the Government determines that the Defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this Agreement and his sentencing, or has otherwise violated any other provision of this Agreement, the Agreement may be voided by the Government and the Defendant shall be subject to prosecution for any federal crime of which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the Defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the Defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

9. If the Government in its sole discretion determines that the Defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a. Make the nature and extent of the Defendant's cooperation known to the Court.

b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that as of the date of this Agreement, no determination has been made as to the Defendant's eligibility for a substantial assistance motion. The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The Defendant further understands that if he breaches this Plea Agreement in any way, including by committing a new crime after the date of this Agreement, the Government may refuse to file a substantial assistance motion.

c. Make whatever sentencing recommendation the Government deems appropriate.

10. The Defendant's rights under this Agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

11. The Defendant understands that if his statements made to the Government before the date of this Agreement are untruthful in any material way this Agreement is violated and becomes voidable by the Government.

12. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by

the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
John S. Malik, Esquire
Attorney for Defendant

By: _____
Shannon Thee Hanson
Assistant United States Attorney

_____
Gary Arters
Defendant

Dated: September 28, 2005

**AND NOW**, this ___28th___ day of September, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE SUE L. ROBINSON
Chief Judge
U.S. District Court, District of Delaware